**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TYRONE FOSTER, ) | NO. CV 22-5422-SB(E) |
| ) | |
| Petitioner, ) | |
| ) | ORDER ACCEPTING FINDINGS, |
| v. ) | |
| ) | CONCLUSIONS AND RECOMMENDATIONS |
| RAYBON JOHNSON, Warden, ) | |
| ) | OF UNITED STATES MAGISTRATE JUDGE |
| ) | |
| Respondents. ) | |
| ) | |

Pursuant to 28 U.S.C. section 636, the Court has reviewed the Petition, all of the records herein and the attached Report and Recommendation of United States Magistrate Judge. Further, the Court has engaged in a <u>de novo</u> review of those portions of the Report and Recommendation to which objections have been made. The objections largely repeat arguments that the Report and Recommendation persuasively reject and otherwise fail to persuade the Court that habeas relief should be granted under the applicable federal

standards.[1] The Court accepts and adopts the Magistrate Judge's Report and Recommendation.

IT IS ORDERED that Judgment shall be entered denying and dismissing the Petition with prejudice.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order, the Magistrate Judge's Report and Recommendation and the Judgment herein on Petitioner and on all counsel of record.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: May 8, 2023.

STANLEY BLUMENFELD, JR.
UNITED STATES DISTRICT JUDGE

---

[1] The Court has considered and rejects all the objections. In considering the objections, the Court has reviewed relevant portions of the record, including the transcript of the confidential informant's discussion with Petitioner. The transcript supports the trial judge's finding that Petitioner's statements were voluntarily given. The trial judge found that there was "no evidence that . . . [Petitioner] was scared of [the informant] and therefore made statements that he would not otherwise have given." Dkt. No. 17 (entry #21, Rep. Tr. 1522). The trial judge went on to observe: "It is equally compelling to the court to believe [Petitioner] embraced the individual as a fellow person in custody alleged to have been involved in a murder and as a result he felt safe in confiding in him . . . ." *Id.* The record firmly supports this observation, as Petitioner opened up almost immediately to someone in whom he misplaced his trust, believing that he was speaking with a cellmate facing similar charges.